IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael F. Myers, | ) C/A No. 6:14-2541-HMH-JDA |
|             Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| David C. Stephens, *Assistant US Attorney*; William N. Nettles, *US Attorney for S.C.*; Eric Holder, Jr., *US Attorney General*; US Department of Justice, | ) *for partial disposition* |
|             Defendants. | ) |

Michael F. Myers ("Plaintiff"), proceeding pro se, brings this action alleging a violation of the United States Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Defendants David C. Stephens, Assistant US Attorney; William N. Nettles, US Attorney for S.C.; and Eric Holder, Jr., US Attorney General, should be summarily dismissed from this action without prejudice and without service of process.

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent

standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to the FOIA, which permits Plaintiff to file a civil action seeking to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld.  *See* 5 U.S.C. § 552(a)(4)(B). Plaintiff, who currently lives in Ohio, alleges that the United States Department of Justice in the District of South Carolina has certain documents and other items located in this district that it improperly has refused to disclose to him. [Doc. 1 at 2–4.]  Plaintiff requests that this Court enjoin the agency from withholding certain documents and other items from him. [*Id.*]

Here, in addition to naming the agency as a Defendant, Plaintiff also named three individuals as Defendants—David C. Stephens, Assistant US Attorney; William N. Nettles, US Attorney for S.C.; and Eric Holder, Jr., US Attorney General. However, the only proper defendant in an FOIA action is the agency that has withheld records. *See Pickens v. United States Dep't of Justice*, C/A No. 2:11-1168-RBH-JDA, 2012 WL 762007, at *1 n.1 (D.S.C. Feb. 2, 2012) (explaining that two individuals had been terminated as parties in the FOIA action), *adopted* 2012 WL 761995 (D.S.C. March 7, 2012), *appeal dismissed* 479 F. App'x 460 (4th Cir. 2012). Thus, David C. Stephens, William N. Nettles, and Eric Holder, Jr., should be dismissed from this action without prejudice because they are not proper Defendants in an action under FOIA. *See also Benavides v. Bureau of Prisons*, 774 F. Supp. 2d 141, 143 n.1 (D.D.C. 2011) ("The DOJ is an executive agency to which the FOIA applies, and the Court considers the DOJ as the proper party defendant."); *Reich v. United States Dep't of Energy*, 784 F. Supp. 2d 15, 20 (D. Mass. 2011) (Oak Ridge National Laboratory was not an appropriate defendant because it does not constitute a federal agency for FOIA purposes).

## Recommendation

Accordingly, it is recommended that the District Court dismiss Defendants David C. Stephens, Assistant US Attorney; William N. Nettles, US Attorney for S.C.; and Eric Holder, Jr., US Attorney General, from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This action remains pending, and, at this time, service of

3

process is authorized for the Defendant United States Department of Justice.  **Plaintiff's attention is directed to the important notice on the next page.**

                                                s/ Jacquelyn D. Austin
                                                United States Magistrate Judge

August 4, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).