IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael F. Myers, | Case No. 6:14-cv-02541-HMH-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| U.S. Department of Justice, | |
| Defendant.[1] | |

This matter is before the Court on a motion for summary judgment filed by Defendant U.S. Department of Justice. [Doc. 31.] Plaintiff, proceeding pro se, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff's Complaint was filed on June 23, 2014. [Doc. 1.] On October 28, 2014, Defendant filed a motion for summary judgment. [Doc. 31.] On October 29, 2014, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond to Defendant's motion for summary judgment. [Doc. 32.] On December 1, 2014, Plaintiff filed a response in opposition to Defendant's motion. [Doc. 34.] Accordingly, Defendant's motion is now ripe for review.

---

[1]On August 27, 2014, Defendants David C. Stephens, William N. Nettles, and Eric Holder were dismissed from this action. [Doc. 24; *see also* Doc. 19.] Consequently, the U.S. Department of Justice is the only defendant remaining in this action.

## BACKGROUND[2]

Plaintiff alleges he is seeking copies of certain evidence gathered during a March 2007 investigation that preceded his trial and conviction in this Court.[3] [Doc. 1 at 2 ¶ 1.] Specifically, Plaintiff is seeking to obtain a copy of an audiotape and copies of prescriptions allegedly written by him which were used as evidence against him at trial but were never released to him during discovery. [*Id.* at 3 ¶ 2.] Plaintiff alleges he has "appealed to the highest authority within the US Justice Department prior to this filing; and, that they agree the plaintiff is entitled to this information." [*Id.* at 4 ¶ 4.]

Plaintiff asks the Court to order Defendant to release to Plaintiff any copies of audiotapes, and/or transcript of such, obtained during the investigation before his indictment and trial. [*Id.* at 4 ¶ 5.] Plaintiff also asks the Court to order Defendant to release to Plaintiff copies of all written prescriptions allegedly written by him for Gary Barton. [*Id.*] If the documents are not available, Plaintiff asks the Court to order Defendant to explain why the documents are not available. [*Id.* at 4 ¶ 6.] Finally, Plaintiff asks that, in the event Defendant continues to withhold the requested information, the Court order

---

[2]The facts included in this Background section are taken directly from Plaintiff's Complaint.

[3]In December 2006, Plaintiff was indicted in the United States District Court for the District of South Carolina for, among other things, unlawfully possessing and distributing certain Schedule I, Schedule III, and Schedule IV controlled substances. [C/A No. 06-cr-01275-HMH-1.] A jury found Plaintiff guilty of all thirty counts of the indictment, and he was sentenced to a term of imprisonment for seventy-eight months. [*Id.*] It is appropriate for this Court to take judicial notice of Plaintiff's criminal case. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Defendants to agree that the material requested is exculpatory and withheld during discovery. [*Id.* at 4 ¶ 7.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

> information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendant contends it is entitled to summary judgment because it has conducted an adequate search for any audiotapes, and/or transcripts of such, and actual prescriptions introduced at Plaintiff's trial, but has not located any responsive materials. [Doc. 31 at 5.] The Court agrees Defendant is entitled to summary judgment.

Federal courts have jurisdiction to enjoin an agency from withholding documents, 5 U.S.C. § 552(a)(4)(B), but only "upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records," *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted). When a plaintiff questions the adequacy of the search an agency makes to satisfy a FOIA request, "the factual question it raises is whether the search was reasonably calculated to discover the requested documents . . . ." *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). To demonstrate the adequacy of the search, the agency may rely on affidavits or declarations if they are "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records

5

exist) were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1247 (4th Cir. 1994) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("Affidavits or declarations, supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." (footnote omitted)).  Affidavits or declarations submitted by the agency in support of its determination are accorded substantial weight, 5 U.S.C. § 552(a)(4)(B), and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents,'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).  Summary judgment may be granted solely on the basis of these agency affidavits if they are "relatively detailed, nonconclusory and not impugned by evidence in the record of bad faith on the part of the agency." *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983) (citing *Founding Church of Scientology of Wash., D.C., Inc. v. NSA*, 610 F.2d 824, 836 (D.C. Cir. 1979)).

In support of its motion, Defendant provides declarations by John F. Boseker ("Boseker"), Attorney Advisor in the Executive Office of the Unites States Attorneys ("EOUSA"), who is assigned to the component of EOUSA designated to administer FOIA, and Tammy Bott ("Bott"), Paralegal Specialist in the United States Attorney's Office for the District of South Carolina ("USAOSC"), whose duties include serving as FOIA Contact for the USAOSC, explaining Defendant's efforts to locate any records responsive to Plaintiff's FOIA request. [Docs. 31-1; 31-2.]  According to Boseker, EOUSA notified Plaintiff by letter

on December 26, 2012, that his request had been received and assigned a FOIA number. [Doc. 31-1 ¶ 7.] On May 28, 2013, EOUSA notified Plaintiff that the FOIA contact for USAOSC had searched for and located no responsive records in Plaintiff's criminal case file. [*Id.* ¶ 8.] Bott indicates that, in processing the request, the USAOSC would have conducted a search of the case file associated with Case No. 6:06-cr-1275-HMH-1 for any responsive documents. [Doc. 31-2 ¶ 7.]

Plaintiff appealed the finding to the Office of Information and Privacy ("OIP") on July 3, 2013. [Doc. 31-1 ¶ 10.] A second search for the same records was performed by the USAOSC and, again, no responsive records were located. [*Id.* ¶ 11.] Bott indicates that, upon notification of the instant litigation, she personally reviewed the FOIA file maintained in the office, including the criminal file, PACER, LIONS, the appellate file which included the Joint Appendix, Supplemental Appendix, and the briefs of the Appellant and Appellee; personally reviewed all available documents pertaining to Plaintiff's criminal prosecution; and found that the materials requested are not included in the files maintained by the USAOSC. [Doc. 31-2 ¶¶ 10, 14.] Bott specifically looked for the prescriptions and audiotapes, and they were not in the files. [*Id.* ¶ 14.] Boseker declares that each step taken in handling Plaintiff's request is consistent with the EOUSA and USAO's procedures adopted to insure an equitable response to all persons seeking records under FOIA. [Doc. 31-1 ¶ 11.]

In response, Plaintiff contends he has been repeatedly and incorrectly referred to as "Mr. Meyer or Mr. Meyers" rather than "Myers," suggesting that Defendant's search has not been undertaken with care and, thus, is not adequate to meet FOIA standards. [*Id.* at 2.] At a minimum, Plaintiff argues Defendant should be required to tell Plaintiff to whom,

7

when, and where the evidence was returned so that Plaintiff can continue his quest to reverse his wrongful conviction.[4]  [*Id.*]

Upon consideration of the declarations submitted by Defendant, the Court finds that the declarations by Boseker and Bott establish that an adequate search was conducted. The declarations are reasonably detailed, setting forth the type of search performed, and averring that all files likely to contain responsive materials, if such records exist, were searched.  Plaintiff was given an opportunity to challenge the adequacy of the search, and a subsequent search was conducted.  Although Plaintiff claims the search may have been conducted under a misspelling of his name, the declarations indicate that the search was directed to the case file based on the criminal case number, not just Plaintiff's name. Accordingly, the Court concludes that Defendant conducted an adequate search for documents responsive to Plaintiff's FOIA request and is entitled to summary judgment.[5]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

---

[4] Bott declares that it is the policy of the USAOSC to return physical evidence to the involved agency at the conclusion of the trial and/or appeal.  [Doc. 31-2 ¶ 12.]

[5] With respect to Plaintiff's request that Defendant be required to tell Plaintiff to whom, when, and where the evidence was returned, requests in addition to information sought in his original FOIA requests, the Court finds the inclusion of such additional requests at this juncture is not proper.  *Cf. Kowalczyk v. U.S. Dep't of Justice*, 73 F.3d 386, 388–389 (D.C. Cir. 1996) (holding an agency is not obligated to conduct a "new search" based on new suggested leads in Plaintiff's appeal letter); *Wiesner v. FBI*, 668 F.Supp.2d 164, 170–171 (D.D.C. 2009); *Butler v. Dep't. of Treasury*, No. 95–1931, 1997 WL 138720 at * 1 (D.D.C. Jan. 14, 1997).

                <u>s/Jacquelyn D. Austin</u>
                United States Magistrate Judge

July 27, 2015
Greenville, South Carolina